# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| United Fidelity Bank d/b/a Bank of St. Croix, | ) | |
| Plaintiff, | ) | Case No. 3:25-cv-00034 |
| v. | ) | |
| Jill Bigelow and Gabriel Morales, | ) | |
| Defendants. | ) | |

# EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE

# OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

Defendants Jill Bigelow and Gabriel Morales ("Movants"), appearing pro se, respectfully submit this emergency motion pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), and additionally for the reasons stated under Federal Rule of Civil Procedure 56(d), for a one hundred twenty (120) day extension of the deadline to file their Opposition to Plaintiff's Motion for Summary Judgment, which is currently due May 20, 2026. The requested extension comprises (a) thirty (30) days for Movants to identify and retain substitute counsel, and (b) ninety (90) days thereafter for substitute counsel to review the case file, obtain critical financial records that Plaintiff has refused to produce, and prepare a substantive Opposition. In support of this motion, Movants respectfully state as follows:

## BACKGROUND

1. Movants' Opposition to Plaintiff's Motion for Summary Judgment is currently due on May 20, 2026.

2. Movants' counsel of record is Michael Sheesley, of Michael L. Sheesley LLC ("Current Counsel").

3. A breakdown in the attorney-client relationship has occurred. The breakdown arose from a failure of communication between Movants and Current Counsel and a fundamental disagreement regarding case strategy, including disagreement regarding Current Counsel's pursuit (or lack of pursuit) of essential discovery as further described below. Movants have sent Current Counsel numerous emails over the course of this matter posing direct, critical questions regarding the defense — including how to address mathematical errors identified in Plaintiff's Motion for Summary Judgment and how to obtain the bank records necessary to oppose it — many of which have gone unanswered. Movant Bigelow further prepared a draft Opposition identifying specific mathematical errors in Plaintiff's submission and provided it to Current Counsel for review and supplementation; Current Counsel did not respond substantively to the draft. Movants do not raise the substance of the underlying dispute further in this motion but are prepared to address it in camera if the Court requires.

4. Movants initially hoped to resolve the issues with Current Counsel and continue the representation. As the matter progressed, however, it became clear that Current Counsel was not adequately advocating for Movants' interests, particularly with respect to

obtaining the financial records necessary to oppose Plaintiff's Motion for Summary Judgment. Movants thereafter terminated the representation last week and traveled from California to the U.S. Virgin Islands to file this motion in person, as the Clerk's Office advised that pro se filings cannot be submitted electronically.

5.  Movants have communicated to Current Counsel that the representation is terminated and have requested that Current Counsel either (a) file a motion to withdraw and a motion for extension of the deadline to oppose the Motion for Summary Judgment, or (b) take such other steps as are necessary to protect Movants' rights. As of the time of this filing, Current Counsel has not filed a motion to withdraw, has not filed an Opposition to the Motion for Summary Judgment, and has not filed any motion seeking an extension of the deadline.

6.  While Current Counsel remains technically counsel of record pending withdrawal, Movants file this motion pro se as a protective measure to prevent the deadline from expiring without any opposition.

## DISCOVERY DEFICIENCIES THAT PREVENT A FAIR OPPOSITION

7.  Plaintiff's Motion for Summary Judgment rests entirely on Plaintiff's account of the loan balance, payment history, default, and resulting damages. To oppose the motion on the merits, Movants must be able to verify Plaintiff's figures against the underlying account records — namely, the bank statements, payment ledgers, and detailed accounting maintained by Plaintiff in the ordinary course of business.

8.  Movants have requested those records from Plaintiff directly for more than eighteen (18) months. Movants have made repeated requests by email to multiple individuals at

Plaintiff bank and to Plaintiff's counsel. Movants have also requested online access to their own account records and have been refused. To date, Plaintiff has not produced the bank statements or the detailed accounting that Movants require. Movants have retained these email communications and are prepared to produce them to the Court upon request.

9. Movants have also requested in writing that Current Counsel obtain those records, including by serving formal discovery on Plaintiff. To Movants' knowledge, formal discovery requests for these records have either not been served by Current Counsel, or, if served, have not produced the documents.

10. Movants have already identified multiple mathematical errors, incorrect dates, and incorrect figures in Plaintiff's Motion for Summary Judgment and its supporting materials. Undetailed amounts totaling over $50,000 that Plaintiff has not provided detailed records for, despite the requests for them. Plaintiff has included forced place insurance as part of this amount and at no time since August 2021 have defendants been without proper hazard insurance and that documentation has been provided numerous times to the Plaintiff, prior to and during this action from the insurance broker. The underlying bank records are necessary to demonstrate the full scope of these errors and to oppose the Motion on the merits.

11. Federal Rule of Civil Procedure 56(d) provides that if a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion, deny it, allow time to take discovery, or issue any other appropriate order. Movants, through the accompanying Declarations, set forth the specified reasons here.

## EFFORTS TO RETAIN SUBSTITUTE COUNSEL

12. Movants have actively sought substitute counsel admitted to practice before this Court. Movants have contacted multiple attorneys in St. Thomas in the days preceding this filing once they realized there was a complete and irreconcilable breakdown with Defendant's counsel and Defendant. Several of those attorneys have indicated they cannot accept the representation due to existing case load demands, scheduled vacations, or identified conflicts of interest. There are a couple of attorney's that said they would take the case but required us to get a 30 day extension to find counsel and 90 days for the new counsel to get up to speed to file the opposition and other necessary filings. Movants are continuing to identify additional counsel and will retain substitute counsel as promptly as possible.

13. Based on these conversations, Movants reasonably believe that locating, retaining, and onboarding qualified substitute counsel admitted to this Court will require approximately thirty (30) days. Thereafter, substitute counsel will require an additional period to (a) review the case file, including the pleadings, prior discovery, and Plaintiff's Motion for Summary Judgment; (b) pursue the financial records described above through formal discovery; and (c) prepare a substantive Opposition. Based on conversations with several attorneys, Movants reasonably believe ninety (90) additional days are required to complete this work.

## GROUNDS FOR RELIEF

14.   Federal Rule of Civil Procedure 6(b)(1)(A) provides that, for good cause, a court may extend a deadline if a request is made before the original deadline expires. This motion is filed before the deadline expires.

15.   Good cause exists. Movants are without functioning representation, have actively sought substitute counsel without yet being able to retain one, and lack access to critical financial records held by Plaintiff that Movants need to oppose the Motion for Summary Judgment on the merits. Requiring Movants to file an opposition under these circumstances would deny Movants any fair opportunity to be heard on a dispositive motion.

16.   No prejudice to Plaintiff. The requested extension will not materially affect any trial date or other scheduled proceedings. To the contrary, the requested extension will produce a fuller record for the Court's consideration on the dispositive motion and is consistent with the strong federal policy favoring resolution of cases on the merits. See Foman v. Davis, 371 U.S. 178, 181-82 (1962).

17.   This is Movants' first request for an extension of this deadline.

18.   Meet and Confer. Prior to filing this motion, Movants attempted to confer with counsel for Plaintiff regarding the requested extension via email sent on May 20, 2026. Movants will supplement the record promptly with Plaintiff's position on the requested relief once known.

**RELIEF REQUESTED**

WHEREFORE, Movants respectfully request that the Court enter an Order:

(a) Extending the deadline for Movants to file their Opposition to Plaintiff's Motion for Summary Judgment by one hundred twenty (120) days, from May 20, 2026 to and including September 17, 2026;

(b) Correspondingly extending Plaintiff's deadline to file any Reply in support of the Motion for Summary Judgment;

(c) Granting Movants a reasonable period to retain substitute counsel and to have such counsel enter an appearance in this action;

(d) Pursuant to Federal Rule of Civil Procedure 56(d), permitting Movants to take such discovery as is necessary to oppose Plaintiff's Motion for Summary Judgment, including the production of the bank statements and detailed accounting described in this motion; and

(e) Granting such other and further relief as the Court deems just and proper.

Dated: May 20, 2026

Respectfully submitted,

Jill Bigelow, Pro Se Defendant

5000 Estate Enighed, PMB 191

St. John, USVI 00830

(310) 927-3053

jill@pelv-ice.com


<u>         </u>  5/18/26

Gabriel Morales, Pro Se Defendant

5000 Estate Enighed, PMB 191

St. John, USVI 00830

(310) 497-0581

chefgabriel@hotmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, a true and correct copy of the foregoing Emergency Motion for Extension of Time to File Opposition to Motion for Summary Judgment, together with the accompanying Declarations of Jill Bigelow and Gabriel Morales, was served on the following counsel of record via electronic mail:

Counsel for Plaintiff United Fidelity Bank d/b/a Bank of St. Croix:

Lisa Michelle Komives

DNFVI LLP

340-774-4422 (ext. 124)

lkomives@dnfvi.com

Current Counsel for Defendants:

Michael Sheesley, Esq.

Michael L. Sheesley LLC

(412) 972-0412

michael@sheesley-law.com

Jill Bigelow, Pro Se Defendant    5/20/26